IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01104–MSK–KMT

MARGO WAISANEN,

    Plaintiff,

v.

TERRACON CONSULTANTS, INC.

    Defendant.

---

## ORDER

---

This matter is before the court on "Defendant's Unopposed Motion to Stay Discovery and Briefing on Motions for Summary Judgment" [Doc. No. 22, filed December 10, 2009].

The parties seek a stay of discovery pending ruling on the Defendant's Motion to Dismiss filed on August 10, 2009 (hereinafter "MTD"). [Doc. No. 10.] In the MTD, Terracon Consultants, Inc. asserts the parties entered into a binding agreement to arbitrate any disputes related to their employment relationship and this court, therefore, lacks jurisdiction over this lawsuit. The defendant requests the court either dismiss the case or stay the proceedings and compel arbitration. Plaintiff counters that "she did sign a New Employee Form . . . which contained a provision that stated in part, '… I understand that Terracon has an 'Employment Dispute Resolution Program' that provides a system to communicate workplace problems and

get them resolved at the lowest possible level instead of going through the court system . . . .'" Plaintiff argues, however, she did not receive any explanation about the Employment Dispute Resolution Program and did not formally agree to arbitration. (MTD Resp., [Doc. No. 19] at 3.) She also argues that no one explained that her employment was contingent on agreeing to the Employee Dispute Resolution Program and she is not, therefore, subject to the arbitration provision. (*Id.*)

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931). A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983) (*quoting Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir.1971). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. A stay may be appropriate, however, if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

In assessing the propriety of a stay, this court must consider: whether the movant is likely to prevail in the related proceeding; whether, absent a stay, any party will suffer substantial or irreparable harm; and, the public interests at stake. *Landis v. North American Co.*, 299 U.S. at 254; *United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003); *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir.1977). In considering whether a stay of discovery pending the outcome of the MTD is warranted, a case-by-case analysis is required because such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. All said, however, a stay of all discovery is generally disfavored in this District, *Chavez v. Young American Ins. Co.*, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007); *Ruampant v. Moynihan*, 2006 U.S. Dist. LEXIS 57304 (D. Colo. Aug. 14, 2006).

The MTD is pending before District Court Judge Marcia S. Krieger. This court cannot, therefore, opine on whether the movant is likely to prevail on the motion. A ruling in favor of the Defendant would likely result in dismissal of this case, however, since the issues between the parties would be subject to arbitration. On the other hand, a ruling in the defendant's favor would not be a resolution on the merits of the case but would only act as a jurisdictional bar to the District Court. At some point, regardless of the outcome of the pending Motion to Dismiss, a merits analysis would need to be undertaken in one forum or another. Because of that, it does not appear that any party will suffer substantial or irreparable harm, or any harm at all for that matter, in continuing to engage in fact discovery in this case. Even if the motion is granted and arbitration compelled, there will be a need for the parties to flesh out the facts of the case and to conduct depositions to clarify the knowledge and memory of key witnesses. To the extent the

parties intend to engage the services of experts, those costs would continue regardless of the venue. Therefore, the public interest in the speedy and efficient resolution of disputes will be served by continuing the discovery process.

That said, it clearly would be detrimental to all the parties to invest attorney time and effort in briefing summary judgment motions until such time as the arbitration issue is resolved by the District Court.

Therefore, it is **ORDERED**

"Defendant's Unopposed Motion to Stay Discovery and Briefing on Motions for Summary Judgment" [Doc. No. 22] is **GRANTED in part and DENIED in part**.

The Motion is granted to the extent the date for the original submission of dispositive motions is extended to April 30, 2010. The parties are directed to file a status report with this court on or before April 1, 2010, concerning the status of the Motion to Dismiss, the plans for arbitration, if any, and whether the dispositive motions deadline of April 30, 2010 continues to be practical and viable.

The Motion is denied to the extent it requests a stay of discovery. All discovery deadlines remain as previously set forth in the Scheduling Order except as noted herein.

Dated this 22d day of December, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge