IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01104-MSK-KMT

MARGO WAISANEN,

       Plaintiff,

v.

TERRACON CONSULTANTS, INC.,

       Defendant.

_____

**OPINION AND ORDER DENYING MOTION TO COMPEL ARBITRATION**
_____

       **THIS MATTER** comes before the Court pursuant to Defendant Terracon Consultants' ("Terracon") Motion to Dismiss or, in the alternative, to Stay Pending Arbitration **(# 10)**, Ms. Waisanen's response **(# 19)**, and Terracon's reply **(# 20)**.

       According to the Complaint **(# 1)**, Ms. Waisanen was employed as a Marketing Manager for Terracon. In 2007, Mr. Waisanen took leave under the Family and Medical Leave Act to adopt a child. When she attempted to return to work at the conclusion of the leave, she was told that her position was being eliminated. She asserts several claims sounding in prohibited discrimination arising under various civil rights statutes.

       Terracon moves **(# 10)** to compel arbitration of these claims, contending that the Plaintiff agreed to be bound by the terms of Terracon's dispute resolution policy as set forth in an employee handbook. The Plaintiff argues in response that the documents cited by Terracon indicate only that she "understood" the existence of the policy, but that nowhere does she

explicitly agree to it.  In addition, she argues that, even if she did agree to arbitration, the agreement was illusory because Terracon maintained the right to unilaterally modify the terms of the policy at any time.

The parties do not disagree that an arbitration policy exists or that the claims asserted by Ms. Waisanen are ones that are arbitrable under the policy.  The primarily issue presented here relates only to the question of whether Ms. Waisanen did, as a matter of fact, agree to be bound by that policy.  Terracon, as the party seeking to compel arbitration, has the burden of showing that Ms. Waisanen did so.  *GATX Management Servs. v. Weakland*, 171 F.Supp.2d 1159, 1162 (D. Colo. 2001).

The record reflects that on May 28, 2004, Ms. Waisanen submitted an application for employment.  Included in that application is a paragraph reading:

> I understand that Terracon has an "Employment Dispute Resolution Program" that provides a system to communicate workplace problems and get them resolved at the lowest possible level instead of going through the court system.  I understand that I have the right to review this Employment Dispute Resolution document prior to employment . . . .

After being hired, Ms. Waisanen signed a New Employee Form.  That form included language stating:

> This is to acknowledge that . . . the Terracon Human Resources e-Manual . . . is available to me online. . . . I understand that the e-Manual contains the entire Employment Dispute Resolution Program document.

The Employment Dispute Resolution Program document contained in the e-Manual states, in pertinent part:

> On November 1, 2002, Terracon adopted the Employment Dispute Resolution Program as the exclusive means of resolving

> employment disputes for certain legally protected rights. All employees are bound by this 5 step program. . . .
>
> If the dispute involves a legally protected right . . . and has not been resolved through [prior steps of the program], you or the company may request arbitration.

Based on this language, the Court does not find that Ms. Waisanen agreed to waive her rights to seek judicial resolution. The Dispute Resolution Program's terms do not expressly require arbitration nor do they contain a clear waiver of judicial remedies. Indeed, the last quoted paragraph describes the right to arbitration as an option to be requested by either party – "you or the company may request arbitration." A reasonable construction of this language is that either party may elect the arbitration process if the dispute remains unresolved, but since such election is made by request, the responding party can reject it.

The only language in the Program that suggests a waiver of judicial remedies is the reference that the Program "is the exclusive means of resolving employment disputes." But the meaning of the adjective "exclusive" in this context is ambiguous. Terracon argues that intended it to mean "exclusive of all other possible remedies," but such reading is not compelled by the structure of the sentence. Equally plausible readings are that the Program is the "exclusive means" among Terracon's various policies for addressing employee disputes or that Program includes the preliminary attempts to resolve a dispute as well as the ultimate option to request arbitration. Finally, the Court is reluctant to infer a waiver of judicial remedies where apparently carefully crafted language scrupulously avoids any mention that the employee is waiving such rights.

Although courts indulge in a strong presumption favoring arbitration, that presumption falls away where there is a genuine dispute as to whether there was ever an agreement to

arbitrate in the first place. *Dumais v. American Golf Corp.*, 299 F.3d 1216, 1219-20 (10th Cir. 2002). The Court can only compel arbitration upon a showing that the parties agreed that Ms. Waisanen would voluntarily surrender her right to pursue judicial remedies in favor of arbitration. *AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 648 (1986) (a party cannot be required to submit to arbitration a dispute which he has not agreed to so submit). Ms. Waisanen denies ever having such an intent, and the evidence submitted by Terracon on this point is, at best, ambiguous. Under these circumstances, Terracon has failed to carry its burden of showing that Ms. Waisanen's claims are subject to arbitration.

Accordingly, Terracon's Motion to Dismiss, or, in the alternative, to Stay **(# 10)** is **DENIED**.

Dated this 15th day of February, 2010

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge