# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Magistrate Judge Kathleen M. Tafoya

| | |
|---|---|
| Civil Action No. 09-cv-01104-MSK-KMT | FTR C201 |
| Date: May 03, 2010 | Debra Brown, Deputy Clerk |
| MARGO WAISANEN, | Leslie Ghiz |
| Plaintiff. | |
| v. | |
| TERRACON CONSULTANTS, INC., | Ryan Lessmann |
| Defendant. | |

## COURTROOM MINUTES / MINUTE ORDER

**MOTION HEARING**

**Court in Session: 9:58 a.m.**

Court calls case. Appearances of counsel.

Plaintiff's [57] Motion to Compel Discovery in Accordance with Fed.R.Civ.P. Rule 37 at issue. Argument by counsel.

**ORDERED:** Plaintiff's [57] Motion to Compel Discovery in Accordance with Fed.R.Civ.P. Rule 37 is **GRANTED** in part and **DENIED** in part as follows:

1. With respect to Request for Production of Documents No. 1(e), the Motion to Compel is DENIED as overly broad;

2. With respect to Request for Production of Documents No. 1(f), the Motion to Compel is GRANTED. Defendant shall produce the personnel file of Dan Israel, the supervisor of plaintiff and the purported sole decision-maker in her termination. Production shall be made on or before May 17, 2010; and

3. With Respect to Request for Production of Documents No. 1(g), the Motion to Compel is GRANTED as to the personnel files of Phil Boncucia and Mike Hivner. The Motion to Compel is DENIED with respect to the personnel files of Darren Thomas, Joel DeYoung, Heather Gasper, Dan Redman and Patrick Buckley. Production of the Boncucia and Hivner personnel files shall be made on or before May 17, 2010.

All personnel files produced pursuant to this order are subject to the Protective

Order in this case. Personal information in the personnel files may be redacted so that production is limited strictly to work-related matters.

**ORDERED:** With respect to Request for Production of Documents No. 7, the Motion to Compel is **GRANTED**.

Defendant shall cause its IT Department to perform a complete electronic search of all records maintained by the company in any form, including email, which may be stored on any server or storage device responsive to this request.

1. As to records of Dan Israel, a new supplemental search shall be performed. Documents responsive to this request shall be produced within ten (10) calendar days of today's date;

2. As to the records of Maroun Moussallem, Kevin Langwell, Nancy Richey, Karen Butts, and any other person for whom a more limited search of computer records has been personally made, a new search shall be performed and additional or supplemental records, if any, produced on or before May 17, 2010.

3. As to the records of David Gaboury, Roger Herting, Gayle Packer, and Dennis Whited, a full and complete search shall be performed and records produced on or before May 17, 2010.

As to the search of any employee records addressed in this order, if no information was located after the full and complete search, defendant shall provide the Court with a Certification from its IT Department providing the name of the person conducting the search and certifying that no electronic records exist or are stored on any servers or backups within the company's control.

**Court in recess: 10:36 a.m.**
Total in-court time: 00:38; hearing concluded.

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.