IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01104–WJM–KMT

MARGO WAISANEN,

    Plaintiff,

v.

TERRACON CONSULTANTS, INC.

    Defendant.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Motion to Strike Undisclosed Witness." (Doc. No. 120, filed June 2, 2011 [Mot.].) Defendant filed a response in opposition on June 27, 2011. (Doc. No. 123 [Resp.].) Pursuant to Local Rule 7.1C, Plaintiff had until July 11, 2011 to file a reply. D.C.Colo.LCivR 7.1C. Because Plaintiff failed to file a reply by that date, this matter is now ripe for the court's review and ruling.

In her Motion, Plaintiff seeks to strike one of Defendant's potential trial witnesses, Andrew Boian. Specifically, Plaintiff argues that Mr. Boian should be struck as a witness because he was never disclosed in Defendant's Fed. R. Civ. P. 26(a)(1) initial disclosures, nor was he otherwise named in any discovery as a potential witness.

Defendant counters that after Plaintiff objected to Defendant listing Mr. Boian as a "may call" witness in the parties' proposed Final Pretrial Order (Doc. No. 117 at 6-7, filed May 20,

2011), Defendant agreed to use Mr. Boian only as an impeachment witness. Accordingly, Mr. Boian was not included as a witness in the Final Pretrial Order entered by the court. (*See* Doc. No. 119, filed May 26, 2011.) Defendant nevertheless maintains that it may call Mr. Boian as an impeachment witness because Fed. R. Civ. P. 16(a)(1)(A)(i) does not require disclosure of witnesses that will be used solely for impeachment. The court agrees.

Under Federal Rule of Civil Procedure 26 a party must disclose "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, *unless the use would be solely for impeachment.*" Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Thus, Rule 26 does not require the disclosure of information to be used solely for impeachment. *Schneider v. City and Cnty. of Denver,* 47 F. App'x 517, 529-30 (10th Cir. 2002) (unpublished); *see also Gribben v. UPS,* 528 F.3d 1166, 1172 (9th Cir. 2008) (finding that the district court erred in excluding a witness's testimony "because impeachment evidence does not have to be revealed in pretrial disclosures")

Here Plaintiff's sole argument for striking Mr. Boian as a potential witness is because Defendant failed to disclose Mr. Boian as a witness in its Rule 26(a)(1) initial disclosures or anytime thereafter in discovery. However, Defendant has not listed Mr. Boian as a witness in the Final Pretrial Order. Instead, Defendant has appropriately agreed to call Mr. Boian solely for impeachment purposes. Because Rule 26(a)(1)(A)(i) does not require Defendant to disclose any witness who will be called solely for impeachment purposes, striking Mr. Boian as a potential impeachment witness would be improper. To the extent that Mr. Boian's testimony at trial, if

any, is "really more than mere impeachment evidence," it may be struck at that time on a properly raised objection. *Searles v. Van Bebber,* 251 F.3d 869, 878 (10th Cir. 2001).

Therefore, it is

ORDERED that "Plaintiff's Motion to Strike Undisclosed Witness" (Doc. No. 120) is DENIED.

Dated this 20th day of September, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge